This is the fifth case, the United States v. Hudson. Mr. Hillis. May it please the court. Counsel, my name is Daniel Hillis. I'm with the Federal Public Defender's Office. I represent Mr. Hudson. This will be a shorter exercise. We have fewer issues. And I'll begin in reverse order. The written judgment is inconsistent with the orally pronounced sentence. Because at the sentence hearing, the judge orally pronounced that my client would be allowed to travel from Illinois to Indiana. That's where his wife is. He has a constitutional right, a marital interest, to see his wife. The judge allowed him to do that. The written judgment failed to allow for that to occur. It needs to be amended. And we shouldn't have him to go back to ask permission to seek a modification. The oral pronouncement of judgment controls. That's Elbrey. That's Johnson. Those are cases from this court. That's 3583C. I have nothing further on that unless the court has questions. The additional matters of what excessive alcohol means and what jurisdiction means are where I'll spend the balance of my time. We know that jurisdiction is a vague term that must be defined, as cited in the cases that we did in our brief. It wasn't done so here. It is common practice for the forms in the Northern District of Illinois to say judgment. Other districts say judicial district. The guidelines say federal judicial district. We don't need a hodgepodge. We need consistency in federal courts. And we don't have it. If the Sentencing Commission has language, the district court should follow it. 3583D3 says that conditions should be consistent with what the Sentencing Commission's policy statements are. The Sentencing Commission policy statement on this says that the language federal judicial district is the appropriate language. That's United States Sentencing Guidelines, Section 5D1.3C, which we cite in our brief. The lack of a definition is problematic. It makes the condition vague. And again, unless the court has questions on that, I will move then to the final matter, which is the condition that bans excessive use of alcohol. Again, we have a problem because the word excessive is vague. We know this in Thompson. Think again, it's page 782 in the Thompson opinion. It says don't go to the probation office and ask for a definition. We have Adkins and Kappas and other cases that say judges should impose clear conditions, define central terms. Excessive is one of those terms. It wasn't defined. It should have been. It's not a matter of simply checking the box, as the government said should be done, citing the Solomon Smith case in the 28J letter, which we've responded to. The judge did not, again, Judge Flom, similar to your point before, adopt what the probation office's suggested language was and take the .08 blood alcohol content. And that was just a transcription problem then, a clerical error where that was not the box that was checked in the written judgment. That's not what happened. The judge didn't adopt any definition. And I'm not sure why anybody should adopt .08, which is the functional limitation for alcohol consumption for operating a motor vehicle for somebody who has a right to drink alcohol in the privacy of their own home. If somebody is at .09, I don't know how that interferes with your ability to conduct yourself on supervised release. Supervised release is supposed to be evidence-based. It's supposed to be efficacious. If we're just imposing a condition because it's convenient to come up with a limitation, .08, that's improper because it needs to be tied to the specific circumstances. So you think we should overrule Smith? The ink isn't even dry on Smith. No, but it doesn't address this, Your Honor. This is a different argument than Smith. We have a series of cases saying there's a definition needed. Yes. All definitions are arbitrary. It could be .07. It could be .09. Yes. What's wrong with .08? At least it has the benefit of being a definition taken from another serious body of law. That's true. The problem would be that it wasn't adopted by the court. So this court is now asserting something for the district court. No, that's the Smith point. It can easily be adopted by the court. It's proposed by the PSR. The court can say yes, or the court could say no. Right. I prefer .10. Right. Was there a request for .10 rather than .08? There was nothing said by anybody, most particularly the district court, on the topic. District court said, I'm adopting these conditions, and then didn't do it right. That's clear. But normally, if you want to say it should have been .10 rather than .08, that's something for the defense lawyer to argue, and the judge can then rule on it. We don't have such a request. I don't recall particularly from Smith if the proposed condition in that language was adopted from the PSR by the judge, and I'm less certain that it actually happened here in that fashion. What I do know, ultimately, is that .08 was not orally pronounced. I don't think that we have the same circumstances as Smith for the reasons I explained in the 28-J letter. With that, I have nothing further. Thank you. Thank you, Mr. Hillis. Ms. Richardson? May it please the court, counsel, I'm Assistant United States Attorney Tabara Richardson. Here in the PSR, the probation officer specifically suggested supervisory conditions, discretionary supervisory lease conditions 7 and 14. Any reason why the United States Attorney's Office didn't notify the judge within the time allowed by Rule 35A, that the judgment just didn't conform to what was announced in open court? This is the kind of problem that should be fixed within the 14 days the rule allows rather than kicked upstairs. Your Honor, it's my understanding that neither side notified the court when observed. I know that neither side notified. Both sides should have notified. I was asking why the United States Attorney's Office didn't notify the court. It can't be that the U.S. Attorney's Office doesn't read the judgment. That's got to be done. Your Honor, I don't have a direct answer to your question. I was assigned this case to present information to you as it stands now and based on the record which has been presented. I hope you have my point. This appeal should not have happened. This is something that can and should be fixed within the time allowed by Rule 35A. That's what it's for, to fix technical glitches. Your Honor, the government does not disagree with you. And I have taken note of that and my office will also take note of that. In that same vein, with regard to possible fixes, here we have Title 18 of the United States Code, Section 3583E2, which also allows for the modification or clarification of a judgment at any time. And so that was another way that this issue could have been brought to the district court and the box defined as excessive could have been checked. Specifically here, it's our position that these arguments were waived for the reasons being that the defendant did not object in the sentencing memo. I don't see how you could argue waiver. The lawyer says, all the things recommended by the PSR are fine with me except for the travel condition. And the judge says, I will fix the travel condition. And then two things happen. First, the judge doesn't fix the travel condition. That can't possibly be a subject of waiver. And second, the judge doesn't tick the box for the definition of what excess alcohol means. There can't be a waiver of the right to insist that the box be ticked when that's what the PSR recommended. And the defense lawyer said, I don't object to the PSR's recommendations. They weren't carried out. Well, here, Your Honor, the district court stated that the defendant will be directed to refrain from any excessive use of alcohol. That was the district court's exact words. The defendant was asked whether he had any objection to that. The defendant did not object to the court's statement that the defendant shall refrain from any excessive alcohol. Yes, and then the recommendations weren't carried out. It's impossible to see a waiver there. You're not right. What your brief says is, what you're now saying is, this term should be left without a definition, and the defendant should be left to guess. He didn't agree to guess. He agreed to the PSR. That is not the government's position, Your Honor. It's our position that even if reviewed for plain error, both conditions are reasonable and don't require full remand, as this court has just done in Smith, where the district court has indicated that it is following the recommendation here, specifically with regard to supervised release discretionary condition 7, and that it is imposing the condition that defendant refrain from excessive use of alcohol. That here, as in Smith, where there is nothing in the record indicating that the district court was rejecting the probation officer's definition, that this court is able to amend the judgment, which will define. We can't amend the judgment if the defendant waived this claim. If he waived it, there's no error and no legal authority for an amendment. You really need to be consistent. Either he waived it or he didn't. It seems clear to me there was no waiver. He waived any objection to the PSR. He did not waive a right to have the PSR correctly implemented. But if there was a waiver, there was no error and, therefore, nothing to correct. Getting to the heart of the matter here, Your Honor, even when this is reviewed for error, it remains that, based on the record, the district court did not indicate that it was rejecting the definition of excessive, which is having a blood alcohol concentration in excess of 0.08%. Accordingly, floor remand is unnecessary in order to correct the written judgment and define the term excessive use of alcohol. With regard to the jurisdiction as it is, it was orally pronounced and stated in the written judgment. Here there is no conflict between what the court stated and the written judgment. The written judgment states that the defendant, you shall remain within the jurisdiction where you are being supervised. The judge stated that she would fix that to allow him to visit his wife in Indiana, and she didn't. How can there not be a variance between what was stated in open court and what's in the judgment? When a judge says, I'll do something and doesn't, there's a problem. Your Honor, the court indicated that it would grant advance permission for the defendant to visit his wife. And the written judgment, as it is stated, includes that the defendant shall remain within one district, which he shall remain within one district, unless granted permission to leave by the court or a probation officer. Here the defendant had requested, and he specifically stated, Your Honor, I would request that. He did not say that he was objecting to the condition, but he said that I would request that regarding any travel restriction, he be allowed to travel within, is it the northern district of Indiana? I'm not really sure what the districts are there, but Indiana and the northern district of Illinois, he has close family ties here as well. And the district court specifically states that he would be granted permission for professional or family reasons to travel outside of the district. And here what the court has done is granted the defendant permission, which does not conflict with what the judgment states. It states that unless granted permission to leave by the court. And the probation officer – The actual language was, quote, I will include the district where his wife resides as well. She didn't say, I will later grant permission. She says she will include the northern district of Indiana in the place where he has to stay. And she didn't. I'm just flabbergasted that the United States is defending these clear failures to carry out judicial promises. Your Honor, the court has – It shouldn't be here. It should have been fixed under Rule 35. But the argument that it's waiver, and there's no error, and it's all fine, this is not something that should be happening. And again, Your Honor, following the direction of this court in Smith, the court – if the court feels the need – So just going back, Your Honor, even when a person is granted permission to travel outside of a district, that never modifies the judgment. In practical application – Your problem is the judge didn't say she would grant permission in the future. And, Your Honor, just as the court did in Smith, the court here can – We might be able to fix it, but this is not something that should be defended. It's a botch. Botches should be fixed rather than defended. And here, with regard to this, as the court has called it a botch, it's very uncertain as to whether the defendant will still be married, where he will be supervised once he's released, whether his wife will still be in Indiana, whether she will be in a different district. And so the proposed language that this court and the defendant is saying is just too uncertain to be able to put into a judgment where the judgment already includes the fact that the defendant can be granted permission to leave outside of the district where he will be supervised. In sum, the defendant did not object to the conditions in either his sentencing memo or before the court during the sentencing hearing, and both conditions are reasonable for the reasons stated here today. And in our brief, the government will respectfully request that this court amend the judgment as it sees fit, defining the term excessive. Ms. Richardson, if the spouse, in this case the wife, moved to Wisconsin or to Iowa, would this order that you're defending allow for that visit without permission? As it was presented to the court, no, Your Honor. The court was... But wasn't the intent of the judge to let him visit the wife wherever she lived? Or do you think Judge Pallmeyer only wanted to limit it to where the wife currently lives? Well, the exact words of the court was, her words were, if he has a reason for professional or family reasons to travel back and forth to Indiana and assuming that his wife is then in a different district, that's something that the court would certainly consider. The court was informed where his wife was residing at the time. And so based on the court's information at that time, and we're trying to predict to 2025, eight years from now, where the defendant may be living, whether he may be married, whether they will reside in different places, which is actually in contradiction to the record where he had previously been supervised on pretrial release in Indiana where he had lived with his wife. But assuming that those things are in place as we try to predict what will happen in the future, the judgment as stated and what the court stated indicates that the defendant is confined to one district, but he can be granted permission to travel to visit his wife. And the court did do that, granted the defendant permission. Seeing no further questions, we will respectfully request that the judgment be affirmed with the appropriate amendments. Thank you. Okay. Mr. Hiltz. Judge Blum, with what you had said, where someone's spouse is, is where their marital interests also follow. And so supervised release condition cannot be a greater than necessary deprivation of a person's rights and liberties with respect to the necessary goals of supervision. If my client's wife is in Indiana presently, if she moves to Wisconsin in the future, if she goes to California by the time he's released from prison, as long as they're still married, that's where his marital interests are and that's where his rights follow. To that point, the district court said, if you have professional or personal reasons to travel outside of this jurisdiction, she would allow that. Now, at the time of the sentencing, the wife was in the northern district of Indiana, but the condition has to be understood that it will allow my client to go wherever she is or wherever those business interests might be as well. The condition can easily reflect that by simply including the language from the orally pronounced condition. That's all that we're asking happen here. That solves the problem. It's not uncertain. It's very definite. We need only to look to the transcript from the sentencing hearing. Secondly, if we're to remand for that, which I think we should, under Rosales-Morales, the Supreme Court said about the low cost of a remand versus the rights that may be at stake, that's circumstantial. We have somebody who's going to be under this condition for a long time and under other conditions for a long time. It would be appropriate to remand for resentencing so that, consistent with Rosales-Morales, we could allow for the corrections that are necessary here. And I'll finally say this. Yes, modification is allowed under 3583E2 at any time, but the Neal case sort of cabins that. And in any event, an appeal is also a remedy of correction, or excuse me, an avenue of correction to pursue the necessary remedies, and we're doing that here. I have nothing further. Thank you, sir. Thank you. The case is taken under advisement.